UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KGM CONTRACTORS, INC., *a Minnesota corporation*,

       Plaintiff,

v.

HEAVY HAULERS, INC., *a Georgia corporation*, and CARDINAL TRANSPORT, INC., *a Delaware corporation also known as* Illinois Cardinal Transport, Inc.,

       Defendants.

Case No. 16-CV-3638 (JNE/LIB)
**ORDER**

       Plaintiff KGM Contractors, Inc. ("KGM") brought claims against Defendants Heavy Haulers, Inc. and Cardinal Transport, Inc. for damage sustained to an asphalt plant during disassembly in Florida and transport to Minnesota. Heavy Haulers moved to dismiss for lack of personal jurisdiction and moved, in the alternative, to transfer this action to the Northern District of Florida, where the asphalt plant was originally located and disassembled. Cardinal Transport separately moved to transfer to the same District. For the following reasons, the Court denies Heavy Haulers's motion to dismiss, but grants its alternative motion, and Cardinal Transport's motion, to transfer to the Northern District of Florida.

**I. BACKGROUND**

       KGM purchased an asphalt plant located in Hawthorne, Florida from Anderson Columbia Company, Inc. (*See* Compl. ¶ 6, Dkt. No. 1.) KGM then contracted with Heavy Haulers to disassemble the plant into parts and transport the parts to KGM's location in Hibbing, Minnesota. (*See id.* ¶ 9.) In turn, Heavy Haulers subcontracted some of the transportation to Cardinal Transport. (*See id.* ¶ 13.) Cardinal Transport ended up delivering its parts late. (*See id.*)

1

After delivery, "KGM discovered that the [asphalt plant] was significantly damaged and altered." (*Id.* ¶ 14.) Electrical wires were cut and destroyed, parts were broken and missing, and structural aspects of the plant were damaged, among other things. (*See id.*) KGM spent over $250,000 repairing these conditions. (*See id.* ¶ 16.) It also sustained lost profits and liquidated damages due to inability to use the plant. (*See id.* ¶ 17.)

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction

Heavy Haulers moves to dismiss this action for lack of personal jurisdiction. (*See* Dkt. No. 24.) The question of jurisdiction usually takes precedence over other considerations. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). However, a federal court has discretion "to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas*, 526 U.S. at 585). The decision to dismiss or transfer a case based on venue considerations is one such threshold ground, as it is merely "a determination that the merits should be adjudicated elsewhere" and does not entail ruling on the merits. *Id.* at 432. Thus, a federal court may address venue first, "bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 432; *see also In re LimitNone, LLC*, 551 F.3d 572, 575-78 (7th Cir. 2008) (holding that a district court did not impermissibly act by transferring a case before addressing subject-matter jurisdiction).

In this case, there are persuasive arguments for and against finding that Heavy Haulers has sufficient minimum contacts with Minnesota such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Due to this, in view of the Court's ability to bypass the issue by evaluating

2

venue, and because the relevant factors overwhelmingly favor transferring this action, the Court declines to rule on the issue of personal jurisdiction over Heavy Haulers in Minnesota.

**B. Transfer under 28 U.S.C. § 1404(a)**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Heavy Haulers and Cardinal Transport request that the Court transfer this action to the Northern District of Florida. (*See* Dkt. Nos. 24, 29.) This action could have been brought in that District because it is where "a substantial part of the events or omissions giving rise to [KGM's claims] occurred," namely because disassembly and part of the transportation occurred there. 28 U.S.C. § 1391(b)(2). Also, with respect to KGM's claim under 49 U.S.C. § 14706 against Cardinal Transport, the Northern District of Florida is proper because it is a state in which Cardinal Transport, the delivering carrier, operates.[1] *See* § 14706(d)(1); *Winona Foods, Inc. v. Timothy J. Kennedy, Inc.*, No. 07-CV-1003 (WCG), 2008 WL 2570600, at *4 (E.D. Wis. June 26, 2008). Because the Northern District of Florida is a district in which this action could have been brought, the Court next considers factors relevant to transfer.[2]

Courts must consider three categories of factors when ruling on a motion to transfer: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The Court may consider any case-specific factors in conducting its "flexible and individualized [transfer]

---

[1] According to Cardinal Transport's website, it operates in Florida. *See Coverage Map*, Cardinal Transport, http://www.cardinaltransport.com/coveragemap2.htm (last visited May 30, 2017).

[2] In this contract action, the Parties have not argued or provided any evidence that they are bound by a valid forum-selection clause, which would alter the § 1404(a) analysis. *See Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581-82 (2013).

analysis." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l*, 119 F.3d at 695. "The party seeking transfer must show that the balance of factors 'strongly' favors the movant." *Toomey v. Dahl*, 63 F. Supp. 3d 982, 993 (D. Minn. 2014) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Ultimately, the Court has discretion to decide whether the balance of relevant factors favors transfer. *See Stewart*, 487 U.S. at 29 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

1. *Convenience of the Parties*

When evaluating the convenience of the parties, courts may consider the parties' locations, the expenses and disruption that the parties will likely suffer if litigation is held in either forum, and the location where the complained-of conduct occurred. *See In re Apple, Inc.*, 602 F.3d 909, 913-14 (8th Cir. 2010); *Terra Int'l*, 119 F.3d at 696; *The Charter Oak Fire Ins. Co. v. The Burlington N. Santa Fe Ry. Co.*, No. 16-CV-140 (JNE/HB), 2016 WL 3004628, at *2-3 (D. Minn. May 24, 2016); *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1180 (D. Minn. 1996). Transfer is not appropriate if it will merely shift inconvenience from one party to another. *Terra Int'l*, 119 F.3d at 696-97.

   a. The Parties' Locations

In opposing transfer to the Northern District of Florida, KGM points out that none of the Parties are residents of Florida.[3] (*See* Plaintiff's Memorandum in Opposition to the Motion to Transfer ("Pl. Transfer Br.") 7, Dkt. No. 40.) This appears to be the case: KGM is a Minnesota

---

[3] Residency for the purposes of venue is different from residency for the purposes of, for example, diversity jurisdiction. *Compare* 28 U.S.C. § 1391(c), *with* 28 U.S.C. § 1332(c). However, parties' primary locations are more relevant to their *convenience*.

corporation, with a principal place of business in Minnesota; Heavy Haulers is a Georgia corporation, with a principal place of business in Georgia; and Cardinal Transport is a Delaware corporation, with a principal place of business in Illinois. (Compl. ¶¶ 3-5.) Despite this, Heavy Haulers argues that Florida is more convenient on balance because the company is located closer to the Northern District of Florida. (*See* Heavy Haulers's Memorandum in Support of Its Motion to Dismiss ("HH Dismiss Br.") 16-17, Dkt. No. 25.) Cardinal Transport's drivers, who transported the plant parts and are independent contractors, are also closer to the Northern District of Florida; they are located in Florida and South Georgia. (Cardinal Transport's Memorandum in Support of Its Motion to Transfer ("CT Transfer Br.") 4, Dkt. No. 30; *see also* Declaration of Jeffrey Clark ("Clark Decl.") ¶ 5, Dkt. No. 31.) These drivers are the only identified persons affiliated with Cardinal Transport who participated in the events underlying the Parties' dispute. (*See, e.g.*, Compl. ¶¶ 13, 16-17; Clark Decl. ¶ 5.) The practical location for Cardinal Transport, acting through independent contractors, is between Florida and South Georgia. Because, in the context of this case, more Parties are located closer to Florida, the Parties' locations favor transfer.

      b.   Expenses and Disruption Resulting from Litigation in Either Forum

The expenses and disruption that the parties "would likely incur . . . for airfare, meals, and lodging, and losses in productivity from time spent away from work" if litigating in one forum or another is relevant to the convenience of the parties. *Oien v. Thompson*, 824 F. Supp. 2d 898, 903 (D. Minn. 2010) (quoting *In re Apple*, 602 F.3d at 913); *see also Toomey*, 63 F. Supp. 3d at 993 (considering hardship to the parties). As explained above, the Parties are located closer to the Northern District of Florida. Due to the great distance between Minnesota and Florida, it is very likely that the Parties' collective expenses will be greater if they litigate this

5

case in Minnesota, rather than in Florida. Thus, transfer would not merely shift inconvenience from one party to another, as KGM contends. (*See* Plaintiff's Memorandum in Opposition to the Motion to Dismiss ("Pl. Dismiss. Br.") 18, Dkt. No. 41; Pl. Transfer Br. 7.) KGM will face some inconvenience if the case is transferred, but that inconvenience is outweighed by the inconvenience both Defendants would likely suffer if this action is litigated in Minnesota.

More importantly, Heavy Haulers argues that, due to its small size and limited resources, litigation and a trial in Minnesota would seriously jeopardize its business operations. (*See* HH Dismiss Br. 16-17; *see also* Affidavit of Tony Clark ("Clark Aff.") ¶ 7, Dkt. No. 26 ("Trying the case in [Minnesota] . . . would cripple Heavy Haulers'[s] ability to perform work during the trial.") Where a defendant's "business would be substantially disrupted by having litigation proceed in an inconvenient forum," and the likely disruption would disproportionately burden the defendant, transfer is favored. *Sec. & Exch. Comm'n v. Page Airways, Inc.*, 464 F. Supp. 461, 464 (D.D.C. 1978); *see Feralloy Corp. v. Spig Indus., Inc.*, No. 09-CV-3028 (RMG), 2010 WL 3432283, at *2 (D.S.C. Aug. 30, 2010); *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006).

Heavy Haulers has only eight employees, and it argues that five of those employees are essential witnesses. (*See* HH Dismiss Br. 16-17; Clark Aff. ¶ 7.) Thus, trial in Minnesota could effectively shutter the company's operations and cause long-term business and financial consequences. On the other hand, trial in the Northern District of Florida—much closer to where Heavy Haulers operates—would likely have a less disruptive effect on Heavy Haulers's business. (*See* HH Dismiss Br. 16-17.) A similar argument can also be made for Cardinal Transport's independent contractors; trial in Minnesota would likely disrupt their ability to drive trucks and earn income more than trial in Florida would. The record does not reveal KGM's size,

but its website indicates that it is larger than Heavy Haulers.[4] KGM also only identified three likely employee witnesses and did not argue that transfer would disrupt its business operations. (*See* Dkt. Nos. 27-1 at 7-8, 42-1 at 5.) By comparison, then, it appears less likely that KGM will suffer substantial business disruption if this action is litigated in Florida.

Because Florida appears on balance less expensive for the Parties, and litigation in Minnesota will very likely force Heavy Haulers (and, potentially, Cardinal Transport's independent contractors) to shoulder a substantial and disproportionate disruption to business activities, as compared to KGM, these factors strongly favor transfer.

   c.  The Location Where the Complained-of Conduct Occurred

Courts consider the location where the complained-of conduct occurred when evaluating the convenience of the parties. *See, e.g.*, *In re Apple*, 602 F.3d at 914. In part, this is because the location where the cause of action arose is likely to have more sources of evidence, implicate local law, and bear on local interests. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509 (1947). "[I]t is generally appropriate to transfer an action to the district that is the locus of operative facts." *Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1108 (D. Minn. 2010).

KGM alleges that the damage to the asphalt plant occurred during disassembly, transport, or both. (*See* Compl. ¶ 16.) However, at oral argument, KGM conceded that it is clear that some of the damage, such as the cut wires that appear to have accounted for most of the repair costs, (*see* Dkt. No. 27-1 at 8), occurred during disassembly. It is comparatively unclear whether the structural and other damage resulted from disassembly or transport, or led to repairs. And

---

[4]  KGM's website states that the company "manages up to 200 employees with projects ranging from $5,000 to over $30 million." *About KGM*, KGM Contractors, http://kgmcontractors.com/about.php (last visited May 30, 2017).

7

although KGM's claims also encompass the late transportation and consequential damages it suffered in Minnesota, those aspects are ancillary to the focus of the action: the plant damage.

Based on the information presented by the Parties, the primary complained-of conduct in this action is the improper plant disassembly, which occurred in Florida.[5] Therefore, the location of the key complained-of conduct in this case and the locus of operative facts favor transfer.

   2. *Convenience of the Witnesses*

The convenience of the witnesses is an important factor because "it determines the relative ease of access to sources of proof," and courts prefer "live testimony as opposed to depositions." *Oien v. Thompson*, 824 F. Supp. 2d 898, 904 (D. Minn. 2010) (quoting *Graff v. Qwest Commc'ns Corp.,* 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)). When evaluating this factor, courts consider the number, location, and importance of essential party and non-party witnesses. *See id.* Emphasis is placed on non-party witnesses, "whose appearances may have to be compelled, on the assumption that witnesses within party control, like employees, will appear voluntarily wherever the forum." *The Charter Oak Fire Ins. Co. v. The Burlington N. & Santa Fe Ry. Co.*, No. 16-CV-140 (JNE/HB), 2016 WL 3004628, at *3 (D. Minn. May 24, 2016). Parties must "clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Toomey v. Dahl*, 63 F. Supp. 3d 982, 993 (D. Minn. 2014) (quoting *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991)). Courts also consider the location of evidence when evaluating the convenience to the witnesses. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257-58 (1981); *In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997).

---

5  Heavy Haulers's counter-claim against KGM arises from costs incurred during transport, but it is unclear where exactly the costs were incurred on the journey to Minnesota. (*See* Defendant Heavy Hauler, Inc.'s Answer ("HH Answer") at 7-9, Dkt. No. 10.)

a. Party and Non-party Witnesses

The most essential witnesses in this case are "those who will testify as to the condition of the asphalt plant before and after its disassembly and transport to Minnesota, the parties responsible for the plant's damages, the repairs needed to remedy its condition, and the damages caused by the delivery delay." (Pl. Dismiss Br. 21.) The parties have identified several witnesses, most of whom are likely to be essential. Three KGM employees with essential knowledge are located in Minnesota. (*See* Dkt. Nos. 26-1 at 26, 27-1 at 7-8, 42-1 at 5.) Heavy Haulers has five employees with essential knowledge, who are located in Georgia. (*See* Dkt. Nos. 26-1 at 24-25, 27-1 at 9.) Cardinal Transport identified four independent contractors who transported plant parts to Minnesota. (*See* Clark Decl. ¶ 5; Dkt. No. 42-1 at 11-12.) Two are located in Florida, and two are located in Georgia and over 100 miles from the nearest courthouse in the Northern District of Florida. (*See* Clark Decl. ¶ 5.) The Parties also identified two Anderson Columbia witnesses, who are located in Florida and have essential knowledge, particularly about the plant's disassembly, (*see* Dkt. Nos. 26-1 at 27, 27-1 at 6-7); two individuals who brokered the sale of the plant and are located in Florida and an unknown state,[6] (*see* Dkt. Nos. 26-1 at 26, 27-1 at 8); one individual who performed work on the plant prior to disassembly and is located in Florida, (*see* Dkt. No. 26-1 at 26); at least two specific individuals[7] who repaired the plant after delivery and

---

[6] It is unclear where one of these brokers, Mike Egan, is located, as his address is "unknown." (Dkt. No. 26-1 at 26.) However, his phone number has a "570" area code, connecting him to Pennsylvania. *See Area Code Query*, NANPA, https://www.nationalnanpa.com/enas/npa _query.do (enter "570" and click the "Continue" hyperlink) (last visited May 30, 2017).

[7] The Court only considers specifically-identified witnesses when evaluating the convenience of the witnesses. *See, e.g.*, *Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 886 (D. Minn. 2015); *Oien*, 824 F. Supp. 2d at 904.

are located in Minnesota, (*see* Dkt. No. 27-1 at 8); and one consultant who has knowledge of the plant's post-delivery condition and is located in an unknown state,[8] (*see id.* at 9).

KGM argues that some witnesses are outside the Northern District of Florida's power to compel witnesses to appear at trial, (*see* Pl. Transfer Br. 9.), which extends to Florida's state boundaries and within 100 miles of any court location, *see* Fed. R. Civ. P. 45(c)(1). KGM and Heavy Haulers may compel their employee-witnesses to attend trial in Florida. Cardinal Transport argues that its drivers are independent contractors, not employees, and therefore it cannot compel them to appear for trial. (*See* CT Transfer Br. 3; Cardinal Transport's Reply Memorandum ("CT Transfer Reply Br.") 2, Dkt. No. 44.) Because it is unlikely that Cardinal Transport will be able to compel all of the independent contractors to attend trial, the Court treats them as non-party witnesses.[9] Two of these independent contractors are outside the Northern District of Florida's subpoena power, but that forum is much closer than Minnesota, so their attendance in Florida is more likely. Like the other two independent contractors, the Anderson Columbia witnesses are subject to the Northern District of Florida's subpoena power, in addition to two more non-party witnesses. However, four non-party witnesses are not. Minnesota is more convenient for two of them, as they are located within the state. But neither Minnesota, nor Florida, is appreciably more convenient for the other two from unknown states (suspected to be Pennsylvania and Michigan); both of these witnesses will likely have to travel considerable distance no matter what the forum.

---

[8] It is unclear where this individual, Paul R. Vaulman, is located, but his employer's website lists him as the contact for the Detroit, Michigan office. *See Contact Us*, Madsen, Kneppers & Associates, https://www.mkainc.com/contactus.html (last visited May 30, 2017).

[9] Courts tend to treat independent contractors as non-party witnesses. *See, e.g.*, *Howze v. United States*, No. 14-CV-10275 (JBG), 2015 WL 9315542, at *3 (N.D. Ill. Dec. 23, 2015); *Messina v. N. Cent. Distrib., Inc.*, No. 14-CV-3101 (PAM/SER), 2015 WL 12780470, at *2 (D. Minn. Jan. 28, 2015); *Zeta-Jones v. Spice House*, 372 F. Supp. 2d. 568, 576 (C.D. Cal. 2005); *Sky Techs. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 293 (S.D. Ohio 2000).

Though neither forum is more convenient for all witnesses, the Northern District of Florida is more convenient for most of them. The forum is much closer to more essential party witnesses, in addition to Cardinal Transport's independent contractors. The forum is also more convenient for most of the essential non-party witnesses and just as convenient for others. There are likely to be fewer subpoena challenges in the transferee forum because more non-party witnesses are subject to the forum's power to compel attendance at trial. For these reasons, the convenience of the witnesses favors transfer.

      b. Location of Evidence

As KGM notes, most of the documentary evidence in this case is located in Minnesota already, but the documents are not extensive enough to be relevant to the venue analysis. (*See* Pl. Transfer Br. 7-8.) The location of property that is the subject of a suit may also be relevant; litigating an action in the same venue as the property may make inspection by witnesses and the jury, if a viewing is suitable, more convenient. *See Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1180-81 (D. Minn. 1996). But courts rarely permit viewing, *see id.* at 1181, and KGM does not argue that the location of the plant will make a material difference in this matter. Therefore, this factor is neutral.

    *3. The Interests of Justice*

In evaluating the interests of justice, courts consider factors such as judicial economy, the comparative costs of litigating in either forum and the parties' relative ability to bear those costs, each party's ability to enforce a judgment, obstacles to a fair trial, the parties' contacts with each forum, conflict of law issues, the advantages of having a local court determine questions of local law, and the plaintiff's choice of forum. *See In re Apple, Inc.*, 602 F.3d 909, 915 (8th Cir. 2010); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Terra Int'l, Inc. v. Miss.*

*Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997); *Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1109 (D. Minn. 2010).

    a. Judicial Economy

Heavy Haulers argues that it desires to bring a claim against Anderson Columbia for contribution or a related theory. (*See* Heavy Haulers's Reply Memorandum ("HH Dismiss Reply Br.") 4-5, Dkt. No. 45.) However, Heavy Haulers asserts it cannot join Anderson Columbia because the company is not subject to the Court's personal jurisdiction, due to lack of minimum contacts with Minnesota. (*See* HH Dismiss Br. 16; HH Dismiss Reply Br. 4-5.) If this action is transferred to the Northern District of Florida, Heavy Haulers says it will be able to join Anderson Columbia in this action. (*See* HH Dismiss Br. 16; HH Dismiss Reply Br. 5.) KGM acknowledges that it is disputed whether Anderson Columbia is at fault, but argues that discovery is "midstream," so judicial economy disfavors transfer. (Pl. Dismiss Br. 23; Pl. Transfer Br. 15.)

Anderson Columbia may have assisted Heavy Haulers during the disassembly, and that assistance may serve as the basis for a claim against Anderson Columbia by one or more of the Parties. (*See* Clark Aff. ¶ 5.) It is questionable whether Anderson Columbia has sufficient minimum contacts with Minnesota to enable the Court to exercise personal jurisdiction over the company; there is no indication that Anderson Columbia had any contacts with Minnesota other than the sale of the plant to KGM. (*See* Dkt. No. 27-1 at 17.) Lack of minimum contacts would be a factor weighing in favor of transfer if Anderson Columbia had been joined in this action. *See Strickland v. Cty. Council of Beaufort Cty.*, --- F. Supp. 3d ---, No. 16-CV-1150 (JNE/LIB), 2017 WL 72398, at *6 (D. Minn. Jan. 6, 2017). Even though Anderson Columbia is not yet joined, though, transfer will likely promote judicial economy by enabling joint resolution of any

claims against Anderson Columbia and the other claims in this action. *See Cosmetic Warriors*, 723 F. Supp. 2d at 1110 ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplic[ative] litigation and inconsistent results." (citation omitted)). With respect to discovery, although transfer may disrupt timelines and scope, transfer will also likely promote overall judicial economy by facilitating the trying of all factual and legal issues together in one action. *See id.* Therefore, the Court finds that the strong possibility that Anderson Columbia is not subject to personal jurisdiction in Minnesota, the high likelihood that Anderson Columbia will be joined after transfer, and the reasonable expectation that disruption to discovery will be offset by greater judicial efficiency in resolving this dispute, together demonstrate that the judicial economy factor favors transfer. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 (1981) ("[I]nability to implead potential third-party defendants clearly supported holding the trial in [a different forum]."); *Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1140-41 (D. Minn. 2009); *Prentice-Hall Corp. Sys., Inc. v. Ins. Co. of N. Am.*, 81 F.R.D. 477, 481 (S.D.N.Y. 1979).

  b. Ability to Bear the Costs of Litigating

The comparative costs to the parties of litigating in either forum and the parties' ability to bear those costs are relevant to the interests of justice. *See Terra Int'l*, 119 F.3d at 696; *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1403 (D. Minn. 1991). The Parties did not provide information about their relative financial strength or ability to bear the costs of litigation. However, as previously discussed, Heavy Haulers argues that litigating in Minnesota could severely disrupt its business operations. *See supra* Part II.B.1.b. Applying the previous analysis, the Court finds that Florida will be a less costly forum overall, and KGM is more likely to be able to bear the costs of litigating in a far-away forum than Heavy Haulers. Cardinal Transport

will have to defend itself in a distant state regardless of forum, but Florida will be more convenient for its independent contractors. Thus, the comparative costs to the Parties and the Parties' ability to bear those costs favor transfer.

   c. Ability to Enforce a Judgment

Cardinal Transport argues that a judgment against Heavy Haulers would not be collectible in Minnesota because Heavy Haulers has no assets in the state. (*See* CT Transfer Br. 5.) KGM responds that there is no evidence that Defendants will be unable to pay a judgment in its favor. (*See* Pl. Transfer Br. 16.) Litigating this action in Florida will present the same collection issues as in Minnesota because Defendants—with the exception of Anderson Columbia, if joined—are not located in Florida. Therefore, this factor is neutral.

   d. Obstacles to a Fair Trial

Cardinal Transport argues that Defendants will be prejudiced if Anderson Columbia is not joined in this action because it wishes to contend at trial that Anderson Columbia is at least partially at fault for any damage to the asphalt plant. (*See* CT Transfer Br. 5.) Because of this, Cardinal Transport believes that the jury will want to ascribe a percentage of fault to Anderson Columbia, but that percentage will not be binding on Anderson Columbia as a non-party. (*See id.*) KGM argues that this is not a reason to transfer venue. (*See* Pl. Transfer Br. 16.)

The Court has previously explained that "a jury is less likely to accept the argument that third parties were responsible for [the plaintiff's] injuries, at least in part, if those third parties are not before the jury." *Austin*, 677 F. Supp. 2d at 1141. It is plausible that Anderson Columbia's absence as a party may present such an obstacle to a fair trial in this case. In addition, the absence of Anderson Columbia (and other) witnesses, who cannot be forced to attend trial in Minnesota, may also present an obstacle to receiving a fair trial, especially where, as here, those

14

witnesses are likely to be essential. *See Klatte v. Buckman, Buckman & Reid, Inc.*, 995 F. Supp. 2d 951, 957 (D. Minn. 2014). Particularly in this action, the ability to call more witnesses to testify about disassembly—the primary complained-of conduct—is likely to assist fact finders in determining the truth. Therefore, there are likely to be fewer obstacles to a fair trial in Florida. This favors transfer.

      e. Contacts with Each Forum

The Parties' contacts with each forum are relevant to determining whether the interests of justice favor transfer because personal jurisdiction is fundamentally a question of due process. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Jones*, 211 F.3d at 498-99; *Cosmetic Warriors*, 723 F. Supp. 2d at 1109; *see also Mizokami Bros. of Ariz. v. Mobay Chem. Corp.*, 660 F.2d 712, 716 (8th Cir. 1981) (stating that the contacts of the parties may be considered in the transfer analysis).

As previously stated, there are persuasive arguments for and against finding personal jurisdiction over Heavy Haulers in Minnesota. *See supra* Part II.A. But it is undisputed that Heavy Haulers would be subject to personal jurisdiction in Florida. Moreover, a Florida court would have personal jurisdiction over Anderson Columbia. Therefore, the Parties' contacts with Minnesota, as compared to Florida, favor transfer.

      f. Conflict of Law Issues

KGM argues that conflict of law considerations disfavor transfer because this action involves Minnesota and federal law. (*See* Pl. Transfer Br. 16.) The Parties did not otherwise discuss any conflict of law issues. The limited briefing on this factor does not support a finding that conflict of law issues favor or disfavor transfer. *See The Charter Oak Fire Ins. Co. v. The*

15

*Burlington N. & Santa Fe Ry. Co.*, No. 16-CV-140 (JNE/HB), 2016 WL 3004628, at *6 (D. Minn. May 24, 2016). Thus, the Court treats the conflict of law factor as neutral.

      g.  Advantages of Litigating Before a Local Court

KGM argues that because its claims involve Minnesota law, the Court's familiarity with that law is a factor that disfavors transfer. (*See* Pl. Dismiss Br. 24; Pl. Transfer Br. 16.) Defendants do not discuss this factor.

A transferee forum must apply the law of the transferor court. *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). In some cases, there are advantages to having local courts decide questions of local law. *See, e.g.*, *In re Apple*, 602 F.3d at 915; *Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972, 983 (D. Minn. 2013). But "where the legal questions involved are relatively simple . . . the familiarity-with-applicable-law factor is afforded little weight." *Oien*, 824 F. Supp. 2d at 907 (quoting *Advanced Logistics Consulting, Inc. v. C. Enyeart LLC*, No. 09-CV-720 (RHK/JJG), 2009 WL 1684428, at *6 (D. Minn. June 16, 2009)); *see also Clergy Fin., LLC v. Clergy Fin. Servs., Inc.,* 598 F. Supp. 2d 989, 995 (D. Minn. 2009) ("[C]ourts can just as easily apply the law of another state as easily as their own." (citation omitted)).

Here, the claims involve what appear to be simple questions of contract and negligence law, in addition to federal law, and the Parties have not identified any novel or complex legal issues in play. Therefore, the Court finds that this factor only weighs slightly against transfer.

      h.  Plaintiff's Choice of Forum

Defendants argue that KGM's choice of forum is not entitled to deference because its claims do not arise out of events that primarily took place in Minnesota. (*See* HH Dismiss Br. 16; HH Dismiss Reply Br. 5; CT Transfer Br. 5; CT Transfer Reply Br. 1.) KGM responds that its claims are centered in Minnesota. (*See* Pl. Dismiss Br. 22; Pl. Transfer Br. 8, 12-13.)

The typical deference afforded a plaintiff's choice of forum is lessened when the chosen forum has a weaker connection to the underlying dispute. *See In re Apple*, 602 F.3d at 913. As already discussed, this action primarily concerns the alleged improper disassembly of an asphalt plant, which occurred in Florida. *See supra* Part II.B.1.c. Thus, the deference accorded to KGM's choice of forum is lessened, but not entirely eliminated. *See CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc.*, 259 F.R.D. 398, 408 (D. Minn. 2009) ("'[L]ess' deference does not mean 'no' deference . . . ."). Although this factor disfavors transfer, it is not dispositive in this case.

### 4. *Summary*

After reviewing case-specific factors relevant to the convenience of the parties, the convenience of the witnesses, and the interests of justice, the Court finds that the factors overwhelmingly favor transferring this action to the Northern District of Florida. There, the Parties will have the greatest opportunity to try all claims arising from their dispute, marshal evidence and witnesses with knowledge of disputed events and conditions, and have the entire action heard in an efficient and fair manner. Litigating the case in Florida will also pose less of a risk that one party, over another, will be disproportionately inconvenienced by disruption to business operations. In summary, the Court finds that the balance of all relevant factors strongly supports transferring this action.

[continued on next page]

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Heavy Haulers, Inc.'s motion to dismiss or, in the alternative, to transfer [Dkt. No. 24] is GRANTED IN PART, with respect to the alternative motion to transfer, and DENIED IN PART, with respect to the motion to dismiss.

2. Defendant Cardinal Transport, Inc.'s motion to transfer [Dkt. No. 29] is GRANTED.

3. This action, Civil No. 16-3638, is TRANSFERRED to the United States District Court for the Northern District of Florida. The Clerk of Court is directed to effect the transfer.

Dated: June 5, 2017.

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge